# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 23-20371-GLT |
| Jaison Kelly, | ) | Adversary No. |
| Debtor, | ) | Chapter 13 |
| Jaison Kelly, | ) | |
| Plaintiff, | ) | Document No. |
| v. | ) | |
| Mark McQuaide, | ) | |
| Defendant. | ) | |

### COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND CONTEMPT OF COURT

AND NOW comes the Plaintiff, Jaison Kelly ("Debtor"), by and through his attorney, Brian C. Thompson, Esquire, and the law firm Thompson Law Group, P.C. and files the within Complaint for Violation of the Automatic Stay and Contempt of Court, and in support thereof avers as follows:

### PRELIMINARY STATEMENT

1. This is an action under the Bankruptcy Code, 11 U.S.C. §101 et seq., for above-stated claims arising exclusively under the United States Bankruptcy Code.

2. This Court has jurisdiction under 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157.

3. Plaintiff consents to and requests that a final order and/or judgment be rendered by the United States Bankruptcy court on all non-core proceedings.

## PARTIES

4. Plaintiff, Jaison Kelly, filed for Chapter 13 bankruptcy protection on February 21, 2023, and has resided within this jurisdiction at all times applicable herein.

5. Defendant, Mark McQuaide (hereinafter "McQuaide"), is an adult individual, and, upon information and belief, resides in Allegheny County, Pennsylvania, at 4225 Main Street, Pittsburgh, Pennsylvania 15209.

## COUNT I –
## VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362

6. McQuaide is in violation of the automatic stay provision of the Federal Bankruptcy Code (11 U.S.C. Section 362) because on February 22, 2023, although duly notified of Plaintiff's pending bankruptcy, the Defendant proceeded take possession of assets of the estate located at 527 Seavey Road, Pittsburgh, PA 15209 ("Seavey Property").

7. Plaintiff's assets located at Seavey Property include, but are not limited to, several vehicles and personal property, including work tools and equipment that are necessary to the successful reorganization. On the date of filing, Debtor's sole source of income was derived from auto-detailing work for car dealerships.

8. Additionally, McQuaide holds possession of several vehicles that are owned by third parties, for which Debtor is responsible.

9. Despite Defendant's knowledge of Debtor's bankruptcy case, Defendant has continued to harass and frustrate the Plaintiff by continued refusal to allow access to the property for which Debtor believes was immediately locked upon McQuaide's receiving notice of Debtor's bankruptcy filing.

10. Debtor is unable to work and earn income without the use of the various property, tools and equipment locked by McQuaide. In fact, Debtor has already lost income and continues to lose the ability to earn future income because of McQuaide's actions in violation of the automatic stay. Additionally, Debtor may forever lose certain sources of auto-detailing referrals as a result of McQuaide's action.

11. Despite knowledge of the bankruptcy filing, McQuaide has failed to seek relief from the automatic stay and remains in violation of this Honorable Court's Order for Relief.

12. Through interim negotiations, McQuaide did allow Debtor limited access to the property with constable supervision on February 28, 2023 for the main purpose of allowing Debtor to remove a Dodge Truck owned by Jim Shorkey Toyota to at least attempt to limit the potential consequential damages of McQuaides violations of the automatic stay and avoid other potential claims by Debtor and Jim Shorkey Toyota. All other items remained locked in McQuaides building despite demands for unfettered access pending McQuaide seeking relief from the automatic stay.

13. McQuaides's continued refusal to comply with the automatic stay amounts to a willful and intentional violation of the automatic stay protection afforded Debtor under Section 362 of the Bankruptcy Code. The Defendant has caused Debtor undue stress and hardship and has cost Debtor's Counsel unnecessary time, effort and costs in enforcing the automatic stay by filing the within adversary action.

14. Prior to Debtor's bankruptcy filing, McQuaide had obtained a judgment for possession of the real property that was locked to prevent Debtor's access to his

personal property, which is a violation of the automatic stay no matter the status of that eviction action.

15. 11 U.S.C. Section 362(k) of the Federal Bankruptcy Code provides the Debtor several remedies against a creditor who willfully violates the automatic stay, including actual damages, costs, reasonable attorney's fees, punitive damages and emotional distress damages. Additionally, the Federal Bankruptcy Code also permits the remedy of sanctions for debtors who are subjected to a creditor's violation of the automatic stay because such acts amount to contempt of a court order.

WHEREFORE, Plaintiffs pray that this Honorable Court:

a. award actual, punitive and emotional distress damages to the Debtor and against Defendants; and

b. award reasonable attorney's fees and costs to Debtor's attorney; and

c. order that Defendant immediately return possession of 527 Seavey Road, Pittsburgh, PA 15209 to Plaintiff, including all property contained therein; and

d. any other remedy seen fit by the Court.

Date: February 28, 2023

s/Brian C. Thompson
Brian C. Thompson, Esquire
Attorney for Plaintiff
Pa. I.D. #91197
THOMPSON LAW GROUP, P.C.
125 Warrendale Bayne Road
Suite 200
Warrendale, PA 15086
(724) 799-8404 Telephone
(724) 799-8409 Facsimile
bthompson@thompsonattorney.com