IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 23-20371-GLT |
| | : | |
| **JAISON KELLY** | : | Chapter 13 |
| | : | |
| *Debtor*. | : | Related to Dkt. Nos. 122, 130 |
| | : | |

## ORDER (A) SETTING DISCOVERY AND PRETRIAL DEADLINES AND (B) ESTABLISHING EVIDENTIARY HEARING DATE

**AND NOW**, the Court having reviewed the *Motion to Dismiss Chapter 13 Case* [Dkt. No. 122] and the *Response and Objection* thereto [Dkt. No. 130], it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The *Motion to Dismiss Chapter 13 Case* [Dkt. No. 122] is **GRANTED** and the case is **DISMISSED**, subject to the terms of this *Order*. The Court retains jurisdiction to determine whether dismissal shall be with or without prejudice, and whether additional sanctions or consequences should be imposed. This may include, but is not limited to, the denial of discharge of prepetition debts.

2. An evidentiary hearing to evaluate the Debtor's conduct in these proceedings and whether dismissal should be accompanied by conditions or prohibitions is set for **May 3, 2024** at **10 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pennsylvania 15219. The parties are encouraged to present direct testimony by way of affidavit if possible. To the extent a party elects to introduce direct testimony by way of affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746, the parties shall meet and confer prior to the scheduled trial date and resolve any evidentiary objections with respect to any such affidavit or declaration. To the extent a party desires to cross-examine any witness testifying by way of affidavit or declaration, such witness must be produced at trial for cross-examination.

3. The parties represented that further discovery on this matter is not warranted, provided that the Debtor fully satisfy his obligations to respond to the Commonwealth of Pennsylvania's outstanding discovery requests tendered in connection with the plan confirmation hearing. All such responses shall be exchanged no later than **March 29, 2024**.

4. The parties shall meet and confer to discuss a resolution of this case and shall cooperate in the preparation of the joint reports referenced in ¶ 5(a), as well as the exchange of all documents incidental and related to the matter at issue.

5. All of the following shall be completed on or before **April 12, 2024**:

    a. The parties shall jointly file (i) a *Joint Exhibit List* identifying all exhibits each party will offer at the evidentiary hearing; and (ii) a *Stipulation of Facts* identifying all undisputed facts on which the Court may rely when rendering its decision. Objections to an exhibit must be referenced on the *Joint Exhibit List*. Exhibits that do not have an objection listed on the *Joint Exhibit List* will be admitted without further testimony. Any objections identified on the *Joint Exhibit List* will be resolved by the Court prior to the admission of the contested exhibit. No documents other than those listed as proposed exhibits on the *Joint Exhibit List* will be admitted at the time of the evidentiary hearing unless counsel shows cause for their prior nondisclosure. The mere inability to timely locate documents shall not constitute cause.

    b. Each party shall separately file the following documents related to the presentation of their case: (i) a witness list; (ii) all exhibits proposed to be introduced at trial; and (iii) a pretrial memorandum identifying any issues of law and contested issues of fact.

    c. Each party shall provide the Court with three courtesy copies of their

exhibits in three-ring binders, with each exhibit separately tabbed.[1]  Each exhibit page contained in the binder shall be consecutively numbered (*i.e.*, Bates stamped) in the lower right hand corner of each page of the collective exhibit documents, from the first page to the last page, independent of any exhibit identification numbers previously placed on a respective exhibit.  The Debtor shall identify their exhibits by letter, and the Commonwealth of Pennsylvania shall identify their exhibits by number.

6. A final in-person pretrial conference in this adversary proceeding is set for **April 25, 2024** at **11 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pennsylvania 15219 for the purpose of formulating a plan for trial (including facilitating the admission of evidence), resolving any disputes that may have arisen during preparation for trial, and adjudging evidentiary matters.  Lead counsel for each party must attend the final pretrial conference.

7. In addition to the instructions set forth in this *Order*, the parties shall comply with the Court's general procedures as set forth on its webpage at https://www.pawb.uscourts.gov/procedures-2, including the pretrial forms provided therein.

8. The failure of any party to comply with the terms of this *Order* may result in the imposition of sanctions, including without limitation the prohibition against such party from offering testimony at the evidentiary hearing and/or the entry of judgment against them.

Dated: March 14, 2024

_cgr_
**GREGORY L. TADDONIO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

[1] Counsel shall be expected to provide additional copies to opposing counsel.  The rings on the binders shall not exceed three inches.